**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

SHANNON A. GUNDERSON,
an individual,

Case No.:

Plaintiff,

v.

SUNCOAST CREDIT UNION,
a Florida credit union,

Defendant.
_________________________________/

## COMPLAINT AND DEMAND FOR JURY TRIAL

**COMES NOW**, Plaintiff, SHANNON A. GUNDERSON (hereinafter, "Plaintiff" or "Gunderson"), by and through the undersigned counsel, and hereby sues Defendant, SUNCOAST CREDIT UNION (hereinafter, "Defendant" or "Suncoast"). In support thereof, Plaintiff states:

## PRELIMINARY STATEMENT

1. This is an action under the Electronic Fund Transfer Act (hereinafter, "EFTA"), 15 U.S.C. § 1693 *et seq.*, and Regulation E, 12 C.F.R. part 1005, arising from twenty-five unauthorized debit transactions, totaling $18,787.76, that posted to Plaintiff's consumer checking account between March 3 and March 17, 2026. Defendant did not complete a timely investigation, did not provisionally credit the account, and did not provide the documents on which it relied in denying Plaintiff's dispute.

## JURISDICTION AND VENUE

2. This Court has subject-matter jurisdiction under 28 U.S.C. § 1331 and 15 U.S.C. § 1693m(g).

3. Venue is proper in this District under 28 U.S.C. § 1391(b) because Plaintiff resides in Hillsborough County, Florida, Defendant maintains offices in Tampa, and a substantial part of the events giving rise to Plaintiff's claims occurred in this District. The Tampa Division is the proper division under M.D. Fla. Local Rule 1.04.

4. On April 27, 2026, Plaintiff submitted a consumer arbitration demand against Defendant to the American Arbitration Association (the "AAA"), Case No. 01-26-0002-9718. By letter dated May 19, 2026, the AAA declined to administer the arbitration, stating that Defendant had failed to comply with the AAA's policies regarding consumer claims and/or had removed itself from the Consumer Clause Registry, and further stating that under Rule R-10(b) of its Consumer Arbitration Rules, "either party may choose to submit its dispute to the appropriate court for resolution."

## PARTIES

5. Plaintiff SHANNON A. GUNDERSON is a natural person residing in Hillsborough County, Florida, and a "consumer" as defined by 15 U.S.C. § 1693a(6) and 12 C.F.R. § 1005.2(e).

6. Plaintiff held a consumer checking account with Defendant (hereinafter, the "Account"), used primarily for personal, family, or household purposes, and a linked debit card (hereinafter, the "Debit Card"), which Plaintiff accepted. 15 U.S.C. § 1693a(2); 12 C.F.R. § 1005.2(a)(1), (b)(1).

7. Defendant SUNCOAST CREDIT UNION is a credit union with offices in Tampa, Hillsborough County, Florida, including at 6801 East Hillsborough Avenue. Defendant holds the Account, provides electronic fund transfer services, and is a "financial institution" as defined by 15 U.S.C. § 1693a(9) and 12 C.F.R. § 1005.2(i).

## FACTUAL ALLEGATIONS

### The Disputed Transactions

8. Between March 3 and March 17, 2026, twenty-five debit transactions in favor of a merchant identified on the Account's transaction history as CHANCED GOLD COINS (hereinafter, the "Merchant") posted to the Account, in the dates and amounts listed in Exhibit A (hereinafter, the "Disputed Transactions"). Defendant's April 21, 2026 letter, described below, identifies the merchant as CHANGED GOLD COINS. The Disputed Transactions total $18,787.76.

9. Twelve of the Disputed Transactions (hereinafter, the "Earlier Transactions") posted between March 3 and March 10, 2026 and total $6,387.89.

The remaining thirteen (hereinafter, the "Later Transactions") posted between March 12 and March 17, 2026 and total $12,399.87.

10. Each Disputed Transaction was an electronic fund transfer. 15 U.S.C. § 1693a(7); 12 C.F.R. § 1005.3(b). Plaintiff did not initiate, authorize, or consent to any of them, gave no one authority to initiate them, and received no goods, services, or other benefit from them. The Debit Card remained in Plaintiff's possession. Each was an unauthorized electronic fund transfer and an error. 15 U.S.C. §§ 1693a(12), 1693f(f)(1); 12 C.F.R. §§ 1005.2(m), 1005.11(a)(1)(i).

11. The Account was overdrawn after the Disputed Transactions posted. Defendant assessed two non-sufficient-funds fees of $29.00 each on the Account, on March 17 and March 19, 2026, totaling $58.00. Defendant has not reimbursed Plaintiff for any Disputed Transaction or for those fees.

**Plaintiff's Notice and Defendant's Response**

12. On March 18, 2026, the day after the last of the Disputed Transactions posted, Plaintiff went to a Suncoast branch and reported that unauthorized debit transactions in favor of the Merchant had posted to the Account. Defendant opened a dispute under sequence number 1756960. The transactions Plaintiff reported on March 18, 2026 include at least the Later Transactions, which Defendant addressed in its April 21, 2026 letter (hereinafter, the "Reported Transactions").

13. Plaintiff gave notice within sixty days after Defendant sent any periodic statement reflecting the Disputed Transactions. 15 U.S.C. § 1693f(a); 12 C.F.R. § 1005.11(b)(1). Plaintiff confirmed the notice in writing through Defendant's online banking Message Center on March 25, 2026 and by email to Defendant's Dispute Department on March 29, 2026, stating that Plaintiff had not authorized the transactions associated with dispute sequence number 1756960 and requesting the status of the dispute, whether provisional credit would be issued, and a timeline. Plaintiff sent further written follow-ups on April 1, April 2, and April 3, 2026, requesting, among other things, the method of authorization on which Defendant relied and the date and time of any authorization.

14. On March 31, 2026, at 3:41 p.m., Defendant's Dispute Department emailed Plaintiff that a "chargeback to visa has been submitted for all the transactions on March 18th," that "[t]he merchant has 30 days from March 18th to respond," that "[t]he full chargeback process can take up to 90 days," and that "Provisional credit is not going to be issued." That email did not report a determination whether an error had occurred.

15. On April 2, 2026, at 11:37 a.m., Defendant's Dispute Department emailed Plaintiff: "during our investigation, we determined there was prior undisputed transactions on your account with the same merchant and transactions were confirmed as 'not fraud' with the Visa fraud department.

Because of these findings, management agreed to submit chargeback with no provisional credit unless the chargeback was won." At 4:51 p.m. that day, Defendant's Dispute Department wrote that "'Not fraud' was confirmed over the phone with the VISA fraud department."

16. Defendant did not identify the transactions it described as "prior undisputed transactions," the method or the date and time of any authorization, or the information that supported the "not fraud" result it attributed to Visa. Defendant has never provisionally credited the Account for any amount.

17. By letter dated April 21, 2026, Defendant's Dispute Department wrote to Plaintiff that Defendant had "completed our investigation" of thirteen listed transactions and "determined that no error occurred." The letter stated Defendant's basis as follows: "Information, evidence, and the Credit Union's findings, including, but not limited to, transaction reports, transaction details, documentation, and photographs do not support your claim of fraud or unauthorized activity." It further stated: "As a result, no credit will be applied to your account." It advised Plaintiff of "the right to request the documentation used in our investigation to make our determination."

18. The thirteen transactions listed in the letter are the Later Transactions. The letter did not list or address any Earlier Transaction, identify the materials to which it referred, or state what any of them showed.

19. On April 21, 2026, at 4:45 p.m., Defendant's Dispute Department also emailed Plaintiff that "you were notified on 03/18/2026 via your mobile app Message Center that the disputes were denied," and that "as a courtesy, we are submitting the disputes to the merchant on the back end to determine whether they are willing to work with us toward a potential recovery of funds." Plaintiff found no such notice in the Message Center or eNotice records available to him and told Defendant so in writing.

20. On April 21, 2026, at 5:27 p.m., Plaintiff emailed Defendant's Dispute Department requesting the basis for the determination, the documentation Defendant relied on, the date the investigation was completed, and copies of the notices Defendant said it had sent. Defendant did not respond and has not provided any document on which it relied.

## COUNT I
**Failure to Timely Investigate, Determine, and Report**
**15 U.S.C. § 1693f(a); 12 C.F.R. § 1005.11(c)(1)**

Plaintiff re-alleges and incorporates by reference paragraphs 1 through 20 as though fully set forth herein.

21. Each Reported Transaction was an unauthorized electronic fund transfer and therefore an error. Defendant was required to investigate, determine whether an error occurred, and report or mail the results to Plaintiff within ten business days after receiving notice on March 18, 2026, that is, no later than April

1, 2026 (the tenth weekday, with no federal holiday in between). 15 U.S.C. § 1693f(a). Regulation E requires the determination within ten business days and the report within three business days after the investigation is completed. 12 C.F.R. § 1005.11(c)(1).

22. Defendant did not report or mail the results of an investigation and determination by April 1, 2026. Its March 31 email described a pending chargeback and reported no determination. Its April 2 emails were the first to report any finding, and its April 21 letter, twenty days after the period ended, was its first report of a determination that no error occurred. Defendant contends that it denied the disputes on March 18, 2026. On that contention its report was due by March 23, 2026, and Plaintiff received none.

23. As a result, Plaintiff was deprived of the use of the funds debited by the Reported Transactions, at least $12,399.87, after the period in which Defendant was required to complete its investigation and report. Plaintiff seeks actual damages, statutory damages, costs, and reasonable attorney's fees under 15 U.S.C. § 1693m(a).

## COUNT II
### Failure to Provisionally Credit the Account
### 15 U.S.C. § 1693f(c); 12 C.F.R. § 1005.11(c)(2)

Plaintiff re-alleges and incorporates by reference paragraphs 1 through 20 as though fully set forth herein.

24. An institution that does not complete its investigation within ten business days may continue it for up to forty-five days only if, within ten business days after receiving notice, it provisionally recredits the consumer's account for the amount alleged to be in error and gives the consumer full use of those funds. 15 U.S.C. § 1693f(c); 12 C.F.R. § 1005.11(c)(2).

25. Defendant did not complete its investigation by April 1, 2026 and did not provisionally recredit any amount. It stated in writing on March 31, 2026 that "Provisional credit is not going to be issued," and on April 2, 2026 that management had agreed to submit a chargeback "with no provisional credit unless the chargeback was won." Plaintiff confirmed the notice in writing within ten business days after March 18, 2026. Defendant's stated reasons for withholding provisional credit, prior transactions with the Merchant and a Visa "not fraud" result, are not exceptions recognized by 15 U.S.C. § 1693f(c) or 12 C.F.R. § 1005.11(c)(2).

26. As a result, Plaintiff was deprived of the use of the funds debited by the Reported Transactions, at least $12,399.87, from the end of the ten-business-day period forward. Plaintiff seeks actual damages, statutory damages, costs, and reasonable attorney's fees under 15 U.S.C. § 1693m(a).

**COUNT III**
**Failure to Conduct a Good-Faith Investigation and to Correct the Errors**
**15 U.S.C. § 1693f(a), (b), (e); 12 C.F.R. § 1005.11(c)(1)**

Plaintiff re-alleges and incorporates by reference paragraphs 1 through 20 as though fully set forth herein.

27. Defendant was required to investigate the alleged errors and, on determining that an error occurred, to correct it within one business day. 15 U.S.C. § 1693f(a), (b); 12 C.F.R. § 1005.11(c)(1). Defendant concluded that no error occurred. By its own statements, it relied on a statement that the Account had prior undisputed transactions with the Merchant, which it never identified; a telephone "not fraud" result attributed to Visa, whose basis it never disclosed; and unidentified "transaction reports, transaction details, documentation, and photographs." Defendant has not identified any evidence that Plaintiff authorized any Disputed Transaction. To the extent Defendant treated the Earlier Transactions as the prior undisputed transactions, they were themselves unauthorized, and that they posted before Plaintiff reported them does not show that he authorized the Later Transactions.

28. Defendant's statements about its investigation are also inconsistent. It asserted that it denied the disputes on March 18, 2026, yet on March 31 it described a pending chargeback, on April 2 it described findings, and on April 21 it said it was submitting the disputes to the merchant to seek recovery of funds. Defendant has not corrected any error or credited the Account. It did not

provisionally recredit the Account within ten business days and, on these facts, did not make a good-faith investigation of the alleged errors or did not have a reasonable basis for believing that the Account was not in error. 15 U.S.C. § 1693f(e)(1).

29. As a result, Plaintiff has sustained actual damages, including the amount of the Reported Transactions, at least $12,399.87. Plaintiff seeks actual damages, treble damages under 15 U.S.C. §§ 1693f(e) and 1693m(a)(1), statutory damages, costs, and reasonable attorney's fees, without recovering the same loss more than once.

## COUNT IV
## Failure to Provide Requested Documents
## 15 U.S.C. § 1693f(d); 12 C.F.R. § 1005.11(d)(1)

Plaintiff re-alleges and incorporates by reference paragraphs 1 through 20 as though fully set forth herein.

30. An institution that determines no error occurred must, on the consumer's request, promptly deliver or mail reproductions of all documents on which it relied in making its determination. 15 U.S.C. § 1693f(d); 12 C.F.R. § 1005.11(d)(1). Defendant determined that no error occurred as to the Later Transactions and, by its April 21, 2026 letter, advised Plaintiff of the right to request the documentation used in its investigation. Plaintiff requested the

documents by email on April 21, 2026, at 5:27 p.m. Defendant did not promptly deliver or mail them and has not done so.

31. Without the documents, Plaintiff has been unable to identify or answer the materials Defendant says support its determination. Plaintiff seeks statutory damages, costs, and reasonable attorney's fees under 15 U.S.C. § 1693m(a).

## COUNT V
**Imposition of Liability for Unauthorized Transfers**
**15 U.S.C. § 1693g(a), (b); 12 C.F.R. § 1005.6(b)**

Plaintiff re-alleges and incorporates by reference paragraphs 1 through 20 as though fully set forth herein.

32. Each of the Disputed Transactions was unauthorized, and Plaintiff received no benefit from any of them. Plaintiff reported unauthorized activity in favor of the Merchant to Defendant on March 18, 2026, the day after the last of them posted. Under 15 U.S.C. § 1693g(b), Defendant bears the burden of proving that each Disputed Transaction was authorized or, if it was unauthorized, that the conditions of liability set forth in 15 U.S.C. § 1693g(a) have been met. Defendant has not identified any evidence that Plaintiff authorized any Disputed Transaction and has not shown that any condition for imposing liability on Plaintiff under 15 U.S.C. § 1693g(a) or 12 C.F.R. § 1005.6(b) has been met.

33. By retaining the amount of the Disputed Transactions and refusing to reimburse Plaintiff, Defendant has imposed on Plaintiff liability for unauthorized electronic fund transfers beyond what 15 U.S.C. § 1693g permits. As a result, Plaintiff has sustained actual damages equal to the amount of the Disputed Transactions, $18,787.76, less any liability that 15 U.S.C. § 1693g(a) permits Defendant to impose on Plaintiff, together with the non-sufficient-funds fees alleged above and the loss of use of those funds. Plaintiff seeks actual damages, statutory damages, costs, and reasonable attorney's fees under 15 U.S.C. § 1693m(a), without recovering the same loss more than once across Counts I through V.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests that the Court enter judgment in Plaintiff's favor and against Defendant, and award:

a. Actual damages under 15 U.S.C. § 1693m(a)(1), including up to $18,787.76 for the unreimbursed Disputed Transactions, less any liability permitted by 15 U.S.C. § 1693g(a), the $58.00 in non-sufficient-funds fees, and any other non-duplicative actual damages proven at trial;

b. If the Court makes the findings required by 15 U.S.C. § 1693f(e), treble damages determined under 15 U.S.C. § 1693m(a)(1);

c. One award of statutory damages of not less than $100 and not more than $1,000 under 15 U.S.C. § 1693m(a)(2)(A);

d. Costs and reasonable attorney's fees under 15 U.S.C. § 1693m(a)(3);

e. Pre-judgment and post-judgment interest as allowed by law; and

f. Such further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues so triable.

Respectfully submitted,

**STORY LAW GROUP**
*/s/ Max Story*
Max Story
Florida Bar No.: 527238
328 2nd Avenue North, Suite 100
Jacksonville Beach, FL 32250
Telephone: (904) 372-4109
max@storylawgroup.com
*Counsel for Plaintiff*

## EXHIBIT A

### Schedule of Disputed Transactions

*Debit transactions in favor of CHANCED GOLD COINS posted to the Account, March 3 through March 17, 2026*

| No. | Date | Amount |
|---|---|---|
| 1 | March 3, 2026 | $499.99 |
| 2 | March 3, 2026 | $49.99 |
| 3 | March 3, 2026 | $888.00 |
| 4 | March 3, 2026 | $299.99 |
| 5 | March 8, 2026 | $999.99 |
| 6 | March 8, 2026 | $599.99 |
| 7 | March 8, 2026 | $199.99 |
| 8 | March 8, 2026 | $499.99 |
| 9 | March 10, 2026 | $999.99 |
| 10 | March 10, 2026 | $999.99 |
| 11 | March 10, 2026 | $299.99 |
| 12 | March 10, 2026 | $49.99 |
| | **Subtotal, Earlier Transactions** | **$6,387.89** |
| 13 | March 12, 2026 | $999.99 |
| 14 | March 12, 2026 | $499.99 |
| 15 | March 12, 2026 | $99.99 |
| 16 | March 12, 2026 | $499.99 |
| 17 | March 16, 2026 | $599.99 |
| 18 | March 16, 2026 | $1,999.99 |
| 19 | March 16, 2026 | $999.99 |
| 20 | March 17, 2026 | $399.99 |
| 21 | March 17, 2026 | $999.99 |
| 22 | March 17, 2026 | $1,999.99 |
| 23 | March 17, 2026 | $1,999.99 |
| 24 | March 17, 2026 | $999.99 |
| 25 | March 17, 2026 | $299.99 |
| | **Subtotal, Later Transactions** | **$12,399.87** |
| | **Total, Disputed Transactions** | **$18,787.76** |